Jerry V. Leaphart #JL4468
Jerry V. Leaphart & Assoc., P.C.
8 West Street, Suite 203
Danbury, CT 06810
(203) 825-6265 – phone
(203) 825-6256 – fax
jsleaphart@cs.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| EDWARD F. HAAS, Individually, | : | |
| and on behalf of others | : | |
| similarly situated, | : | |
| Plaintiff, | : | ECF CASE |
| vs. | : | |
| | : | |
| CARLOS M. GUTIERREZ, | : | 07 CIV 3623 (GBD) |
| Secretary, U.S. Department | : | |
| of Commerce, et al | : | |
| Defendants. | : | |

## **AFFIDAVIT**

EDWARD F. HAAS, being duly sworn, deposes and says:

1.      I am of full age and legal capacity and am the plaintiff in the above captioned

matter.

2.      This affidavit is submitted in support of my opposition to defendants' motion to

dismiss this matter.

3.      My complaint in this matter arises from the manner in which the National

Institute of Standards and Technology (NIST) is going about the process of obfuscating

and hiding the evidence of controlled demolition of World Trade Center building 7,

(WTC7), that it, NIST, has admitted to me, in a Response to my Request for Correction

dated August 22, 2007, where NIST acknowledged, in words or substance, that it has

intentionally misconstrued and hidden evidence of controlled demolition by claiming that that evidence had been "refuted" even though the manner of alleged "refutation" cannot serve that purpose.

4.     This affidavit incorporates, by reference, the exhibits annexed to the Memorandum of Law filed simultaneously herewith.

5.     The purpose of the Complaint for Injunctive and Declaratory Relief is to prevent the NIST from releasing an incomplete, inaccurate, and / or misleading final report on the destruction of WTC7.  It is the assertion of the plaintiff that if the court allows the government to proceed on its present path, with its technical investigation of how and why WTC7 collapsed on September 11, 2001, absent a parallel criminal investigation, the end users of the final report will interpret the findings, even if words such as "probable collapse sequence" are employed, as conclusive.  The plaintiff maintains that employees at NIST along with sub-contractors hired to work on the WTC7 technical investigation are ignoring evidence that does not fit into the current technical hypothesis, and therefore there is a need for injunctive and declaratory relief.

6.     NIST readily admits that it is not authorized under The National Construction Safety Team (NCST) Act (P.L. 107-231) to conduct criminal investigations.  P.L. 107-231 authorizes NIST to only conduct *technical investigations* into the cause of building failures.  But what happens if in the course of conducting its technical investigation, NIST is confronted with evidence that could be interpreted as criminal evidence? Shouldn't NIST, if dedicated to providing honest services that demonstrate integrity, objectivity, utility, and quality, call for a parallel criminal investigation when confronted

with evidence that does not fit into the context of the totality of technical evidence it is relying upon in pursuit of its hypothesis?

7.    The government maintains that Complaint for Injunctive and Declaratory Relief is predicated on an alleged conspiracy to cover up the true cause of the collapse of 7 World Trade Center on September 11, 2001 – and therefore, must be dismissed for several reasons. This assertion from the government is a desperate attempt to further the concept that any person[s] that questions the government regarding any element of the events of September 11, 2001 is bewitched and should therefore be ignored – no matter how thoughtful the questions asked.

8.    To further its maintenance of the false perception that the plaintiff is bewitched, a purposeful distortion in which it hopes the court will subscribe, the government has taken a section of the Complaint for Injunctive and Declaratory Relief and twisted it to its own delight, completely changing the context, and creating a distortion of fact.

9.    In its Motion to Dismiss, the government suggests that the plaintiff's overall complaint is frivolous and may be dismissed, wrongly suggesting that the complaint in the action is predicated on a conspiracy theory alleging that WTC7 was destroyed not be a terrorist attack but by an elaborately planned controlled demolition. The plaintiff only illustrates the fact that there does exit other technologies, controlled demolition being one of those technologies, that could explain how WTC7 collapsed.

10.    The fact that WTC7 was not a target of terrorist attacks, but only suffered what has been described, by many, as minimal collateral damage as a result of the collapse of the Twin Towers should not be so easily dismissed NIST. The video evidence of the collapse of WTC7 mimics that of previously video documented controlled demolitions of

buildings. The plaintiff does not claim to know whether WTC7 collapsed as the result of controlled demolition. What the plaintiff claims is that there is evidence that warrants a parallel criminal investigation into whether or not there was a motive and opportunity for those that might have had prior knowledge of the September 11, 2001 attacks, to take advantage of the event and destroy WTC7 for yet to be fully understood purposes. Such a criminal investigation could reveal that the direction NIST is heading with its technical investigation into the WTC7 failure is completely without merit.

11.    In the Complaint for Injunctive and Declaratory Relief, the plaintiff reminds the government of the statements made by Larry Silverstein, a principal of defendant Silverstein Properties, in a publicly disseminated video statement airing on the US Public Broadcasting System, in which Larry Silverstein stated, quoted verbatim:

"I remember getting a call from the er, fire department commander, telling me that they were not sure they were gonna be able to contain the fire, and I said, 'We've had such terrible loss of life, maybe the smartest thing to do is pull it.' And they made that decision to pull and we watched the building collapse."

12.    NIST maintains in a letter received by the plaintiff dated August 22, 2007 that this statement is not evidence of a controlled demolition because Larry Silverstein's spokesman had previously refuted on September 9, 2005, the suspicion that the Larry Silverstein statement suggests controlled demolition. To refute a proposition or theory is to establish or prove that it is false. A statement by a spokesman does not refute the admission that Larry Silverstein made that indicates he knows something about the destruction of WTC7 that has yet to be made public and could greatly impact any technical investigation and therefore begs for a criminal investigation. For NIST and its

4

sub-contractors to so easily gloss over the Silverstein statement suggests that it is they that might be bewitched.   And only a full, independent criminal inquiry will suffice to discover and decide the authentic cause and meaning of what Larry Silverstein meant when he said that the decision was made to "pull and we watched the building collapse."

13.     The Silverstein statement coupled with the spokesman's statement remain today as prior inconsistent statements that warrant a criminal investigation.   NIST is not authorized to conduct criminal investigations by its own admission.  So why shouldn't the plaintiff expect honest service from NIST and call for a halt in the technical investigation until such time when the findings of a criminal investigation are made public?  It is unnerving to say the least that NIST seems incapable of recognizing that it could be wasting valuable tax dollars trying to develop a plausible explanation for the collapse of WTC7 when there does exist evidence that suggests the contrary – that the building was purposely destroyed for reasons that could only be determine d by a criminal investigation.

14.     Silverstein's statement does not exist in a vacuum.   Numerous 9/11 first responders have gone public with information regarding a countdown being heard on police and emergency worker radios moments before the collapse of WTC7.  Former Air Force Special Operations for Search and Rescue expert, Kevin McPadden was at ground zero on 9/11 prior to the collapse of WTC7.  He claims to have heard, 'three, two, one' over the radio, followed by explosions and then the collapse in approximately 6.6 seconds of WTC7.

15.    An anonymous EMT named Mike who told Loose Change producer Dylan Avery that hundreds of emergency rescue personnel were told over bullhorns that WTC7 was about to be "pulled" and that a 20 second radio countdown preceded its collapse.

16.    Volunteer EMT Indira Singh described how she learned that WTC7 was going to be "brought down" and the context was clear that it was to be deliberately demolished.

17.    Former NYPD officer Craig Bartmer described hearing bombs tear down the building as he fled the collapse.

18.    A countdown to collapse of WTC7 is evidence of a controlled demolition that cannot be ignored by the government or the court.  This evidence does not prove a controlled demolition event.  It proves that a criminal investigation should be launched based upon the evidence and the technical investigation halted until the outcome of the criminal investigation is determined.

19.    NIST is aware of these eyewitness accounts and many others like them.    But because they do not fit neatly within the totality of evidence NIST is relying upon in pursuit of proving its collapse hypothesis, a progressive collapse theory in which after six years, there still remains no proof of the initiating event, the government is simply ignoring the certain evidence and testimony.  The point that needs to be emphasized again and again is that NIST is not authorized to conduct criminal investigations. However, due process demands that NIST produce and provide honest services to the public.  Since NIST cannot investigate a controlled demolition of WTC7, while having amble evidence that suggests the possibility of a controlled demolition, it should have long ago called for a parallel criminal investigation.

20.     Based upon all of the foregoing, it is clear the plaintiff's complaint states a viable

cause of action where early dismissal is improper and unsubstantiated.


                                                  /s/ Edward F. Haas_____
                                                  Edward F. Haas


Sworn and Subscribed to before me
this 18th day of December 2007.


/s/ Jerry V. Leaphart_____
Jerry V. Leaphart
Commissioner of the Superior Court