UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

EDWARD F. HAAS,

                    Plaintiff,

           v.

CARLOS M. GUTIERREZ et al.,

                  Defendants.

------------------------------------------------------------ x

:
:
:
:
:
:
:
:
:
:
:

07 Civ. 3623 (GBD)


### REPLY MEMORANDUM IN SUPPORT OF GOVERNMENT DEFENDANTS' MOTION TO DISMISS


MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendant


BENJAMIN H. TORRANCE
Assistant United States Attorney
86 Chambers Street
New York, New York  10007
Telephone: 212.637.2703
Fax: 212.637.2702
E-mail: benjamin.torrance@usdoj.gov

      – Of Counsel –

# ARGUMENT

## The Complaint Must Be Dismissed

While much of plaintiff's opposition to the government's motion to dismiss requires no response, the government respectfully submits this reply memorandum of law addressing several issues raised by plaintiff.

First, plaintiff has failed to demonstrate standing.  He argues that the government's motion to dismiss should be denied because plaintiff asserted a claim under the Declaratory Judgment Act.  That, however, is irrelevant to the Court's jurisdiction: "[i]t is settled law that the Declaratory Judgment Act, 28 U.S.C. § 2201, does not enlarge the jurisdiction of the federal courts . . . and that a declaratory judgment action must therefore have an independent basis for subject matter jurisdiction." *Concerned Citizens of Cohocton Valley v. New York State Dep't of Envtl. Conservation*, 127 F.3d 201, 206 (2d Cir. 1997) (citing *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671 (1950); *Albradco, Inc. v. Bevona*, 982 F.2d 82, 85 (2d Cir. 1992)).  "[T]he Declaratory Judgments Act is not an independent source of federal jurisdiction; the availability of such relief presupposes the existence of a judicially remediable right." *Schilling v. Rogers*, 363 U.S. 666, 677 (1960) (internal citation omitted).  As plaintiff has asserted no such right, he lacks standing for the reasons stated in the government's opening brief.

Plaintiff goes on to argue that his "theory" is that "the NIST's intentional dissemination of contradictory information violates both the dictates of and the policy underlying the [Information Quality Act ("IQA")]."  Pl.'s Br. at 13.  Be that as it may, the fact remains that the IQA confers no legal rights on plaintiff, as explained in Points A and B of the government's initial brief.  *Salt Inst. v. Leavitt*, 440 F.3d 156, 159 (4th Cir. 2006); *Americans for Safe Access v. U.S. Dep't of Health & Human Servs.*, No. C-07-01049, 2007

WL 2141289, at *3 (N.D. Cal. July 24, 2007); *In re Operation of the Missouri River System Litig.*, 363 F. Supp. 2d 1145, 1174–75 (D. Minn. 2004), *aff'd in part and vacated in part on other grounds*, 421 F.3d 618 (8th Cir. 2005). No matter how he describes his IQA claim, or how many times he insists that the defendants were aware that the World Trade Center was destroyed by "controlled demolitions" rather than a terrorist attack, he cannot escape the fact that the IQA grants him no substantive rights and no entitlement to judicial review. Nor has plaintiff asserted any other basis on which to find a legally cognizable right to relief.

Moreover, plaintiff has not even attempted to explain how the government's alleged actions have injured him personally, and therefore has not demonstrated standing to sue. *Hein v. Freedom From Religion Found., Inc.*, 127 S. Ct. 2553, 2562 (2007) ("A plaintiff must allege *personal* injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." (internal quotation marks omitted; emphasis added)). Generalized allegations of government misconduct do not confer standing on each and every citizen absent an injury specific to that person. *Id.* at 2563 (rejecting "generalized and attenuated," "minute," and "indeterminable" interests). A court may not arrogate to itself the power to determine the "interests of the public-at-large," as to do so "would be[,] not to decide a judicial controversy, but to assume a position of authority over the governmental acts of another and co-equal department, an authority which plainly we do not possess." *Id.* (internal quotation marks omitted; alteration in original). In short, it is a "basic constitutional principle that 'a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case

2

or controversy.'" *Id.* at 2564 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 573–74 (1992).

Finally, plaintiff asserts that his theory of the destruction of the World Trade Center by the military industrial complex deserves to proceed to discovery, arguing that a motion to dismiss should be denied "unless it clearly appears that the plaintiff can show no set of facts which would entitle him to relief." Pl.'s Br. at 11 (citing *Conley v. Gibson*, 355 U.S. 41, 46–47 (1957)). That standard was expressly rejected by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Instead, a plaintiff must "state a claim to relief that is plausible on its face." *Id.* at 1960; *accord Iqbal v. Hasty*, 490 F.3d 143, 157–58 (2d Cir. 2007) (plaintiff must meet a "flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible."). Plaintiff's claims are patently absurd, and fail to meet this standard—a standard adopted to avoid permitting "a plaintiff with *a largely groundless claim* [to] be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Twombly*, 127 S. Ct. at 1966 (emphasis added; internal quotation marks omitted).

**CONCLUSION**

For all those reasons, and those in the government's initial brief, the complaint

should be dismissed.

Dated:        New York, New York              Respectfully submitted,
              January 3, 2008

                                              MICHAEL J. GARCIA
                                              United States Attorney for the
                                              Southern District of New York
                                              Attorney for Defendant

                              By:     /s/ Benjamin H. Torrance
                                      BENJAMIN H. TORRANCE
                                      Assistant United States Attorney
                                      Telephone: 212.637.2703
                                      Fax: 212.637.2702
                                      E-mail: benjamin.torrance@usdoj.gov